## STATE OF CONNECTICUT
### vs.
## T. FRANK HAYES, ET AL.

Superior Court      New Haven County      File #6026
(At Waterbury)

## MEMORANDUM FILED JULY 7, 1938.

For appearances, see *State vs. Hayes*, 6 Conn. Sup. 215.

INGLIS, J. In passing on these motions certain general and fundamental considerations must be kept in mind. None of the motions pray that the entire information be stricken out. They are, therefore, more properly motions to expunge than motions to strike out. By whatever name they are de-nominated, however, it is true in criminal procedure, as it is in civil procedure, that they are to be granted only in the event that the defect in the information is plain.

The crime here charged is that of conspiracy. It is charged that all of the accused conspired for an unlawful purpose, namely, to cheat and defraud the City of Waterbury, and to accomplish that purpose by unlawful means. It is proper in such a case to charge not only the conspiracy and the purpose of it but also the overt acts done in pursuance of the con-spiracy. And it is also to be borne in mind that, in the case of a conspiracy, each one of the conspirators, no matter when he entered it, is chargeable with all of the acts of all of the

other conspirators which are done in furtherance of the conspiracy. Moreover, in the case of a continuing conspiracy such as is alleged here the statute of limitations does not begin to run until the termination of the conspiracy.

It is obviously impossible in a memorandum such as this to discuss all of the multitudinous requests to expunge contained in the various motions separately. An analysis has been made of them and each has received consideration. The most that can be done here is to refer to those which occur most frequently in the motions and those concerning which there might be some question.

Each of several of the accused move to expunge allegations setting forth the acts of other accused concerning which it is not alleged that they had any knowledge and with which they say it is apparent that they had no connection. All of those acts are alleged to have been in pursuance of the conspiracy in which, it is alleged that the moving party in each instance was a conspirator. If those allegations are true, each of the accused is chargeable with those acts done by his fellow conspirators and therefore the allegations as to those acts are properly in the information against him.

Most of the accused move to expunge the allegations concerning the burning and destruction of books and records because, they say, that is purely evidentiary, because all of the accused did not participate in it, and because, it is claimed, it occurred subsequent to the termination of the conspiracy. It is obvious that these acts are set up in the information as being overt acts done pursuant to the conspiracy and as being a part of the unlawful means of accomplishing the ultimate purpose of the conspiracy. They are, therefore, something more than evidentiary; they are done during the continuance of the conspiracy as a part of it and not after it is terminated; and they are acts with which all of the conspirators are chargeable.

The allegations concerning the conferences with Levy in January and February 1938, and the payment to him of money to defray the expenses of his defense, the allegations concerning the aiding and abetting of Philip Coppeto to stay out of the State, the allegations concerning the placing of additional locks on doors in the city hall are likewise alleged as being done in pursuance of the conspiracy to defraud. A part of any fraud is the concealment of it from the one defrauded.

It is apparent that, whether any of these acts taken by itself is illegal or not, it does form a part of the conspiracy to defraud alleged and is alleged as such. For that reason all of those allegations are proper pleading.

In the same way, as regards the allegation that O'Connor relinquished to Hayes the power to retain legal counsel for the city, even though that may not be a criminal act in itself, it is alleged to be an unlawful act under the city charter, and in any event is alleged to have been done in pursuance of the conspiracy. It is not essential that every overt act done in furtherance of a conspiracy be even unlawful and if it is an overt act done in furtherance of a conspiracy it is proper to allege it in the information whether unlawful or not.

Several of the accused ask that the allegations as to the provisions of the charter and the methods of keeping the books and records of the city be expunged on the ground that they are allegations of law and irrelevant. Technically the provisions of a city charter are not public law. At least it is proper to plead them. And, in any event, the allegations of these facts are reasonably necessary to make understandable the allegations as to how these defendants violated the charter provisions and manipulated the books and records so as to accomplish the purposes of their alleged conspiracy. The same is true with reference to the allegations concerning the use of lithographed checks with the facsimile signature of the city clerk which the accused Kelly moves to expunge.

The accused Leary moves to expunge all of the allegations of acts done more than five years before the institution of this action on the ground that those acts are barred by the statute of limitations. As pointed out above, his contention on that score is not good law. If the conspiracy, as is alleged, is a continuing conspiracy none of the acts done pursuant to it are outlawed. For that reason the allegations as to those acts should not be expunged.

Several of the accused object to the allegation that the purpose of the conspiracy was to defraud not only the City of Waterbury but also "the residents and taxpayers thereof." That allegation does not seem to be unduly prejudicial and, in any event, it is warranted because in the last analysis if the city is damaged by the loss of money that loss falls back on the residents and taxpayers of the city.

Finally, some of the defendants move to expunge all of the

information except that portion which alleges that a conspiracy was formed for certain unlawful purposes. That is, what they want stricken out are all of the allegations of overt acts done in pursuance of the conspiracy. As noted above, it is proper pleading to allege such overt acts and therefore those allegations should not be expunged.

There are several other requests to expunge various matters but in the light of the general considerations set forth in the opening two paragraphs of this memorandum, it is apparent that they must be denied.

All of the motions to strike out and all of the motions to expunge from the information are denied.